Citation Nr: 1719244 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 09-16 891 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to apportionment of the Veteran's disability compensation benefits on behalf of his minor child.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

L. Barstow, Counsel


INTRODUCTION

The Veteran had active military service from June 1983 to June 1986. The appellant is the Veteran's former spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 administrative decision of the VA Regional Office (RO) Winston-Salem, Carolina. 

The case was remanded in February 2013 to afford the appellant her requested hearing. As discussed below, another remand is necessary. In a separate decision, the Board also remanded a service connection claim filed by the Veteran. In a September 2013 rating decision, that issue was granted. Consequently, the service connection claim filed by the Veteran addressed in February 2013 is no longer on appeal. 

In March 2017, the Veteran testified at a hearing conducted before the undersigned. A transcript of the hearing has been associated with the claims file. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regrettably, another remand is necessary. This appeal was remanded to provide the appellant with her requested in-person (i.e., Travel Board) hearing before a Veterans Law Judge (VLJ). However, the Veteran, as opposed to the appellant, was provided a hearing in March 2017. As there is no indication that the appellant has withdrawn her hearing request, another remand is necessary to afford her with her requested hearing. As noted by the Board in February 2013, the appellant lives in Alabama; therefore, her hearing should be scheduled at the RO in Montgomery, Alabama.

Accordingly, the case is REMANDED for the following action:

Schedule the appellant for a Travel Board hearing before a VLJ at the Montgomery RO. The appellant should be notified in writing of the date, time, and location of the hearing. After the hearing is conducted, or if the appellant withdraws her hearing request or does not report for the scheduled hearing, the claims file should be returned to the Board in accordance with appellate procedures.

The appellant has the right to submit additional evidence and argument on this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. C. MACKENZIE 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).